## Lorenzo M. Chanter v. Roswell Reardon and another.

*Contracts: Consideration: Surety: Release of lien: Agency.*      An arrangement between the holder of a promissory note and one who had signed it as surety, and who, to secure himself for becoming such surety, had taken a chattel mortgage from his principal upon a threshing machine and a growing crop of wheat, that such principal was to be suffered to take the wheat and market it, and to account to the holder of such note for the proceeds, is held to be supported by a sufficient consideration in the fact that such surety would lose his mortgage lien on any wheat thus marketed; and in acting upon this arrangement such principal would be the agent of the holder of the note in marketing the wheat.

*Contracts: Parties: Ratification.*      And whether or not such principal was a party to the original arrangement would be immaterial, provided he afterwards assented to act and did act under it with knowledge of what it was.

*Evidence: Question of fact: Jury.*      There being evidence in the case tending to establish the fact that such an arrangement was made, it was not error to submit the question to the jury as one of fact.

*Surety: Mortgage: Discharge of surety.*      The fact that the surety's mort-gage covered other property besides the wheat thus marketed, was immaterial, for if he was discharged in law from his obligation as surety, he ould not afterwards keep the security alive to protect the holder of the ote.

*Heard April 29.      Decided June 8.*

Error to Jackson Circuit.

*Lewis M. Powell* and *Austin Blair*, for plaintiff in error.

*Higby & Gibson*, for defendants in error.

CHANTER *v.* REARDON.

PER CURIAM:

In this case suit was brought by Chanter upon a promissory note given by Reardon as principal and signed by Allen as surety. Allen alone defended.

It appears that Allen, to secure himself for becoming surety, had taken from Reardon a chattel mortgage upon a threshing machine and a growing crop of wheat. His defense to the note was, that when the crop was ripened Chanter, the plaintiff, made an arrangement with him under which Reardon was to be suffered to take the wheat and market it for Chanter, accounting to the latter for the sales, and that Reardon, assenting to this arrangement, took and marketed sufficient of the wheat to pay Chanter. The controversy arises out of the fact that Reardon accounted to Chanter for only a part of the moneys received on the sales,— not sufficient to satisfy the note.

The plaintiff insists that there was no evidence tending to establish the agreement Allen relied upon. Also that the case was so put to the jury as to warrant their finding a verdict for Allen, even though Reardon may have been no party to the arrangement.

We are of opinion,

I. That if an arrangement was made between Allen and Chanter under which Reardon was to be allowed to market the wheat for Chanter, it was supported by a sufficient consideration in the fact that Allen would lose his mortgage lien on any wheat thus marketed; and that if this agreement was acted upon, Reardon was Chanter's agent in marketing the wheat.

II. That whether Reardon was or was not a party to the original understanding was unimportant, if he afterwards assented to act and did act in taking the wheat to market under it, with knowledge of what it was.

III. That there was some evidence tending to establish the case Allen relied upon, and the judge was right in submitting it to the jury.

IV. It was immaterial that Allen's mortgage covered other property than that thus marketed. If he was discharged in law ·from his obligation as surety for Reardon, he could not keep the security alive for the purpose of protecting not himself but Chanter.

V. We think the judge's charge to the jury was fair· and in accordance with law, and that he did· not err in any refusal to charge.

The judgment must be affirmed, with costs.